**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JACK WATERSON,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | )  **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT,** |
| | ) **ROSENTHAL FAIR DEBT** |
| **MIDLAND CREDIT** | ) **COLLECTION PRACTICES ACT,** |
| **MANAGEMENT, INC.** | ) **AND INVASION OF PRIVACY** |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.  Plaintiff, Jack Waterson ("Plaintiff"), is a natural person residing in Solano County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint,

Defendant contacted Plaintiff's father in an attempt to collect an alleged outstanding debt from Plaintiff.

6. On or about June, 2010, in attempt to collect an alleged debt, Defendant sent a letter regarding Plaintiff at Plaintiff's father's address in Oregon. Plaintiff has never lived at that address or provided that address to Defendant.

7. On or about July, 2010, in attempt to collect an alleged debt, Defendant sent a second letter regarding Plaintiff to Plaintiff's father's address in Oregon. The letter was returned to Defendant with a note stating not to send mail to that address.

8. Plaintiff's father opened the letters from Defendant as the envelope stated "Time Sensitive Documents." Plaintiff's father had no prior knowledge of or involvement in the alleged debt.

8. Defendant has always had knowledge of Plaintiff's correct address. Plaintiff has never used the address Defendant sent the letters to.

9. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

> a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including, but not limited to, sending two collection letters to Plaintiff's father at an address where Plaintiff has never

lived when Defendant had knowledge of Plaintiff's address (§1692b & §1692c(b))

b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested, including, but not limited to, sending two collection letters to Plaintiff's father at an address where Plaintiff has never live when Defendant had knowledge of Plaintiff's address (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including, but not limited to, sending two collection letters to Plaintiff's father at an address where Plaintiff has never lived when Defendant had knowledge of Plaintiff's address (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, including, but not limited to, sending two collection letters to Plaintiff's father at an address where Plaintiff has never lived when Defendant had knowledge of Plaintiff's address (§1692b(3) & §1692c(b)); and

e) When contacting a third party in connection with an attempt to collect an alleged debt from Plaintiff, using language or a symbol in the envelope or the contents of the communication that indicated that Defendant is a debt collector or that the communication related to the collection of a debt, including, but not limited to, stating on the envelope that the documents inside are time sensitive (§1692b(5) & §1692c(b)).

10. Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

11. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

12. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages;

    C.    Statutory damages;

    D.    Costs and reasonable attorney's fees; and,

    E.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

15.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

16.    Plaintiff reincorporates by reference all of the preceding paragraphs.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

      A.     Actual damages

      B.     Punitive Damages; and,

      C.     For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 1st day of November, 2010.

By: **s/ Todd M. Friedman**_____
Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff